FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 3 0 2005

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FORMATION CAPITAL, LLC,
and ARNOLD M. WHITMAN                    PLAINTIFFS

vs.          No. 4:05CV0000452 SWW

KURT KNICKREHM, DIRECTOR
OF ARKANSAS DEPARTMENT OF HUMAN SERVICES          DEFENDANT

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiffs have filed a lawsuit asking for injunctive relief and a declaratory judgment on House Bill 2593 ("the bill") that was introduced in the Arkansas Legislature and assigned to the Judiciary Committee. The bill has not been passed out of the judiciary committee. It is not law, it is not a regulation. It can not be enforced by anyone anywhere at anytime. Consequently, this honorable Court has no jurisdiction over the subject matter, and if it did, the plaintiffs' complaint does not state facts upon which relief can be granted.

This is the quintessential example of a claim that is not ripe for adjudication. If the case is not ripe this Court has no jurisdiction and must dismiss.

Since this case deals with a bill, not a law, it is premature. As stated in *Lincoln House, Inc. v. Dupre*, 903 F.2d 845, 847 (1st Cir. 1990) (quoting 13A Wright and Miller, FEDERAL PRACTICE AND PROCEDURE § 3532.2, at 141 (1984)):

> "Perhaps the most important consideration in determining whether a claim is ripe for adjudication is the extent to which the 'claim involves uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all.'"

A bill that has not passed even one committee of the Arkansas Legislature would qualify as uncertain and contingent and indeed it may not occur at all.

Federal jurisdiction extends only to actual cases or controversies. This Court should dismiss the case for lack of subject matter jurisdiction. See U.S. Constitution Art. III, Section 2; *Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 73 S. Ct. 236, 97 L. Ed. 291 (1952).

Essentially plaintiffs are asking for an advisory opinion, which is contrary to federal law. Wright and Miller, FEDERAL PRACTICE AND PROCEDURE § 3529.1, 233 states:

> The oldest and most consistent thread in the federal laws of justiciability is that federal courts will not give advisory opinions.

Finally, even if everything the plaintiffs claim is true, this Court can not grant the relief. The bill is not the law and can not be enforced by anyone anywhere. This Court can not enjoin a law that does not exist nor can it declare it invalid.

For the above stated reasons the plaintiffs' complaint should be dismissed.

Respectfully submitted,

ARKANSAS DEPARTMENT
OF HUMAN SERVICES

By: _____
Lee S. Thalheimer
Arkansas Bar Number 77132
P. O. Box 1437, Slot S260
Little Rock, AR 72203-1437
(501) 682-8934
Attorney for Defendant

2

## CERTIFICATE OF SERVICE

  I, Lee Thalheimer, do hereby certify that a copy of the above and foregoing Brief in Support of Motion to Dismiss was served upon Nate Coulter, Wilson, Engstrom, Corum & Coulter, 200 South Commerce, Suite 600, P.O. Box 71, Little Rock, AR 72203, and Stephanie J. Goldstein, Gregg L. Weiner, and John W. Brewer, Fried, Frank Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004 by placing a true and correct copy to each in the U. S. mail, with sufficient postage prepaid, this 29TH day of March 2005.

_____
Lee Thalheimer